NEW-YORK, May, 1836.

Packer v. Willson.

---

## PACKER *vs.* WILLSON.

A promise to answer for the debt of another is *void*, unless it be in *writing*, and the writing on its face *express* the *consideration* of the promise. Such was HELD to be the law in this case since the revised statutes went into effect. Previous to those statutes it was held sufficient if the consideration could be *inferred*, *implied* or *spelt out* from the terms of the agreement. One of several *administrators* may bring a suit in his own name on a note payable to his intestate or *bearer*, and is not bound to prosecute in his representative character, nor to join his co-administrator as a plaintiff. The nonjoinder of a *co-administrator* can be taken advantage of only by plea in abatement.

THIS was an action of *assumpsit*, tried at the Chenango circuit in May, 1834, before the Hon. ROBERT MONELL, one of the circuit judges.

The plaintiff, Nancy Packer, as *administratrix* of the estate of her deceased husband, held two promissory notes for the payment of money, given by George Farnham and John P. Farnham, payable to her husband, or *bearer*. On the 11th September, 1833, after the death of the husband, both notes then being *over due*, the defendant subscribed a *guaranty* on

NEW-YORK,
May, 1836.

Packer
v.
Willson.

the back of each note in these words: "I guarantee the payment of the within note in six months." On these guaranties a suit was brought, and it was proved that the inducement to the giving of the guaranties was *forbearance* to the makers of the note. The testimony was objected to and received, subject to exception. It also appeared that *administration* upon the estate of the deceased husband was granted, not to the plaintiff *alone*, but to her and one *Jotham Packer*, although the plaintiff had the sole management of the estate. On these facts, a verdict was taken for the plaintiff, subject to the opinion of the court.

*I. L. Wendell*, for the defendant, insisted that the *consideration* of the agreement of the defendant, not being *expressed* in the guaranty, the promise was void within the *statute of frauds*, and that therefore judgment should be rendered for the defendant. Also that if the action was maintainable it should have been brought in the names of *both* administrators. In support of the first point, he cited and commented upon the cases of *Wain* v. *Warlters*, 5 *East*, 10; *Sears* v. *Brink*, 3 *Johns. R.*210; *Stadt* v. *Lill*, 9 *East*, 348; *Rider* v. *Curtiss*, 16 *Com. Law R.*335; *Newbury* v. *Armstrong*, 19 *Com. Law R.*272; *Russell* v. *Mouley*, 7 *Com. Law R.* 414; *Morris* v. *Stacey*, 1 *Holt's N. P. R.*153; *Boehm* v. *Campbell*, 3 *J. B. Moore's R.* 15; *Pace* v. *Marsh*, 1 *Bingh. R.* 216; *Saunders* v. *Wakefield*, 6 *Com. Law R.* 531; *Jenkins* v. *Reynolds*, 7 *Com. Law R.* 328; *Rogers* v. *Kneeland*, 10 *Wend.* 218; *Marquand* v. *Hipper*, 12 *Wend.* 520. In support of the second point, the following cases were cited: 5 *Wend.* 261, 308, 490, 602; 9 *Wend.* 425; 7 *Cowen*, 174.

*J. A. Spencer*, for the plaintiff, contended that the suit was maintainable in the name of the plaintiff *alone*. If both administrators should have joined, the objection should have been taken by plea in abatement. 1 *Chitty's Pl.* 13, 1 *Saund.* 291, g. The suit, however, he contended was prosecuted by the plaintiff, as the *bona fide* holder of the guaranty, and as such she had a right to sue in her own name. 3 *Johns. Cas.* 163, 5 *Wend.* 602, 307; 4 *Johns. R.* 237. As to the other point

raised by the defendant, he insisted that the guaranty was <span>NEW-YORK,</span> not within the statute, and relied upon the following cases: <span>May, 1836.</span> 10 *Wend.* 250, 1 *Bing.* 302, 6 *id.* 56, 4 *Carr. & Payne*, 273, 7 *Com. Law R.* 414, 15 *East*, 272, 8 *Johns. R.* 29.

Parker<br>v.<br>Willson.

*By the Court,* SAVAGE, Ch. J.   The defendant's counsel objected to the plaintiff's right to recover, 1. Because no consideration was expressed in the written guaranty, and was therefore void by the statute of frauds; 2. That the suit should have been brought by both administrators, the notes belonging to the estate of Perez Parker, deceased.

In relation to the second point, it is no doubt true that in actions brought by administrators, as such, all the adminis-
trators ought to join; but if one of several executors or administrators brings the suit alone, the defendant can take advantage of the non-joinder only by pleading it in abatement. 1 *Ch. Pl.* 13.   1 *Saund.* 291, *g.*   In this respect, there is a difference between suits brought by persons in their own right, and those brought in a representative capacity.   When brought in their own right, a non-joinder of proper plaintiffs would be cause of nonsuit upon the trial; but where in *autre droit*, the non-joinder can be taken advantage of only by pleading in abatement.   This suit, however, is not brought in a representative capacity; the plaintiff does not declare as administrix, but as bearer.   It is sufficient that the plaintiff shows a lawful title to the note, which she does.   The note in this case is not the gist of the action, it is the guaranty; and as the cause of action originated since the death of Perez Parker, it would not have been correct for the administrators, as such, to have declared upon it.   Such a declaration is necessary in such cases only, where a cause of action existed in favor of the intestate in his life time.   The intestate had no cause of action against the defendant in this cause; nor has any person but the plaintiff, upon the guaranty in question.   She was the only acting administratrix; she had possession of the notes against the Farnhams, and was in fact the bearer of them, and to her the guaranty was made.   The notes were indeed assets in her hands, but that is a question between her and the owners of the estate, or the creditors of

NEW-YORK,
May, 1836.

Parker
v.
Willson.

her deceased husband. It is a question in which the defendant has no concern; he is not deprived, by the form of the action, of any defence which he may have. 9 *Wend.* 425, 6. 5 *id.* 307.

The main point in the case is, that no consideration appears on the face of the guaranty—none is expressed. The old statute of frauds, 1 *R. L.* 78, §11, declared in substance that no defendant should be liable, upon any special promise, to answer for the debt, default or miscarriage of another person, unless the *agreement* upon which such action should be brought, or some memorandum or note thereof, be in writing, &c. This is like the English statute, 29 *Car.* 2, *ch.* 3; §4, and it has received a construction, both in England and in this state, to which the courts both there and here have adhered thirty years. In *Wain* v. *Warlters*, 5 East, 10, it was held that the word agreement means the *consideration* for which, as well as the *promise* by which the party binds himself. In *Sears* v. *Brink*, 3 *Johns. R.* 215, Van Ness, justice, says: " The word agreement comprehends the *consideration* as well as the *promise*." In these cases, therefore, it was held that the defendant was not liable, although he had promised in writing, because the consideration for the promise was not in writing. These decisions were not universally approved, either in England or in this country. *See Mr. Day's note to Wain* v. *Warlters*, 5 *East*, 20. In subsequent cases, it has been held sufficient if the court can find out by inference or construction of the instrument what the consideration was. In the language of Tindall, Ch. Justice, " There must be a consideration, and if by fair inference we can find that, that is sufficient; if we can as it were, *spell it out* from the agreement." And it is argued in this case, that by taking the notes and the guaranty together, the consideration may be fairly implied. Thus, when the guaranty was given, September 11, 1833, the notes were due and suable; the defendant meant by his guaranty to say, " I promise that the makers shall pay the within note, which is now due, in six months from this date, or, I will pay it myself in that time." *Forbearance* to call on the makers is, therefore, inferred as the consideration. This is ingenious and plausible, and perhaps

is not going farther to *spell out* the consideration than some of the English cases have gone. Mr. Justice Nelson has reviewed a number of those in *Rogers* v. *Kneeland,* 10 *Wend.* 250, a case arising under the old statute. But the question now before us arises upon the revised statutes ; the section is as follows : " In the following cases, every agreement shall be void, unless such agreement, or some note or memorandum thereof, *expressing the consideration* be in writing, and subscribed by the party to be charged therewith ;" and one of the cases enumerated is the following : " Every special promise to answer for the debt, default or miscarriage of another person." 2 *R. S.* 135, § 2, *sub.* 2. The revisers, in a note, point out the difference between the old statute and the new statutes, that the latter require the consideration to be *expressed.* It was thought by the revisers and the legislature that the most proper way for courts to find out the consideration of an agreement was, not to *infer* or *imply*, or *spell out* the consideration ; but after the passing the revised statutes, the party should *express* the consideration. It is argued by the plaintiff's counsel, that the revised statutes have not altered the rule in this respect ; and it may be conceded that the only difference is between the words *express* and *imply*, but that is a very material one in the present case. I consider the statute cannot be misunderstood ; the consideration must be expressly contained in the agreement. The consideration is an important part of every agreement, and necessary to its validity ; and the legislature intended that it should plainly appear upon the face of the instrument. The agreement of the defendant is not such an one, and is therefore not obligatory upon him.

The defendant is entitled to judgment.