Hough
v.
Gray.

## HOUGH vs. GRAY.

Where an absolute guaranty is endorsed upon a note payable to A. B. or bearer
at the time of the making thereof, and the note and guaranty are transfer-
red by the payee, the assignee may maintain an action in his own name
against the guarantor, without showing a demand of payment of the maker
of the note, and notice of non-payment.

It seems, had the endorsement been in blank, that the grantor might have
insisted upon the privileges of an endorser, and required proof of demand
and notice.

ERROR from the Warren common pleas. Gray sued
Hough in a justice's court and declared on a *guaranty* enter-
ed into by the defendant, *endorsed on a promissory note*
made by Daniel Moon for the sum of $45, dated 7th Janu-
ary, 1834, and payable to John Cameron or bearer, on the 1st
February 1835. The *guaranty* was in these words : " This
" may certify that I guarantee the payment of the within
" note—dated 7 January, 1834 ;" and was signed by the
defendant. The justice rendered judgment for the plaintiff,
The defendant *appealed* to the Warren common pleas. On
the trial in that courtt he execution of the note and guaran-
ty was proved, and it was further proved that the consider-
ation of the note was property sold by Cameron to Moon,
that Cameron refused to sell unless Hough would become
security for the consideration money, and that Hough con-
sented to become surety, and the note and guaranty were
signed at the same time and delivered to Cameron. Sub-
sequently Cameron transferred the note and guaranty to
one Osborn, and Grey afterwards became the holder of
the same, and brought suit thereon. On proof of these facts
the plaintiff rested, and the defendant moved for a nonsuit
on the grounds, 1. that a suit on the guaranty could be
maintained *only in the name of* Cameron, the guaranty not
being transferrable as negotiable paper, and 2. that at all
events an action could not be maintained without proof of
demand of payment from the maker of the note, and notice
of non-payment to the defendant. The nonsuit was denied,
and the jury, under the charge of the court, found a verdict

for the plaintiff, on which judgment was rendered. The defendant having excepted to the decision and charge of the court, sued out a writ of error.

*W. Hay, jun.* for the plaintiff in error.

*E. H. Rosekrans,* for the defendant in error.

*By the Court,* COWEN, J. The *note* was absolutely payable and therefore negotiable within the statute. Had the *endorsement* been *blank,* I should think the defendant below might have insisted on the privilege of an *endorser* and reposed himself on the want of a demand and notice; but he endorsed *an absolute guaranty* in so many words. The court below were clearly right, therefore, in holding that he made himself a joint and several promissor with the admitted maker. I do not go over the authorities, having had occasion, very recently, to examine all that have been cited, with several others, in *Dean* v. *Hall,* 17 Wendell, 214, and felt then, as I do still on a re-examination of the same question, perfectly clear in the distinction I have mentioned.

Judgment affirmed.