By the Court, Nelson, Ch. J.
I am of opinion the court below erred. The contract sued upon is, in substance and legal effect, a promissory note. As such it imports a consideration 3 and is not, therefore, within the statute of frauds. All the numerous cases in which it has been held that blank endorsements of promissory notes might be filled up, and the parties thus bound as makers or absolute guarantors, were taken out of the statute upon this principle. The objection is not new, as it will be found to have been taken in nearly all the cases of this class. Most of them are cited in the recent case of Oakley v. Boorman, (21 Wend. 588.) And see Park v. Brinkerhoff and others, (2 Hill, 663.)
The present case is not distinguishable in principle from Hough v. Gray, (19 Wend. 202,) Ketchell v. Burns, (24 id. 456,) or Lequeer v. Prosser, (1 Hill, 256.) The contract is the same in form and substance as in those cases, and in each of them we held it to be an original undertaking, upon which the defendant might be made liable as the maker of a promissory note. (See also McLaren v. Watson’s ex’rs, 26 Wend. 430, per Walworth, Ch.) It is true, in some of the cases cited the question did not arise under the statute, as the consideration was expressed in the guaranty. But whether expressed or not is wholly immaterial 3 for, regarded in the light of a promissory note, the instrument imports a consideration as clearly as if expressed. In Hough v. Gray., however, no consideration was expressed, and the instrument was, in terms, like the one in question. I concede that the latter was a case in which the guaranty was endorsed >at. the time *586 of the making of the note. But that is an unimportant fact as respects the form of the instrument; for if, in order to be binding within the statute, it must express a consideration upon its face, and it be not enough that the nature of the contract import one, the objection would be fatal without regard to the time of the execution of the instrument. The only difference between the two cases is this : Where the guaranty and note are contemporaneous, you may resort to the note to sustain the consideration of the guaranty, if sought to be impeached. The note contains aliment to support the guaranty. But when the guaranty is made at a different time, it must be sustained, if attacked for want of consideration, by showing an independent one. In this case, for instance, if the defendants had sought to rebut the presumption of consideration arising from the nature of the instrument, the plaintiff could have sustained it by proof that it was made for property delivered ; as may be done in all cases between payee and maker, where the consideration of a note is attacked.
In the case of Miller v. Gaston, (2 Hill, 188,) we entertained no doubt that Miller might have sustained an action upon the guaranty against Gaston alone, as upon a new note, though the guaranty was made some months after the date of the note ; and so the case was understood by the reporter, according to his marginal note of it.
In the case of Oakley v. Boorman, (21 Wend. 588,) the endorsement was made some two months after the note, and the defendant was held liable as having intended by such endorsement to guaranty the payment of the note in that form. The endorsement was in blank, and if a contract of endorsement had been written over the name of the defendant, it would have been nothing more nor less than an agreement to pay the note, if the makers did not, on demand and notice—a conditional agreement to pay, importing a consideration. Here there is an original, absolute agreement to pay the note, importing the same thing, and therefore equally out of the statute. I admit, the case of Packer v. Willson, (15 Wend. 343,) mili *587 tates against the doctrine here contended for ; but it may be said of that case, that, at the time it was decided, a very prevalent opinion obtained with the profession, that a consideration could not, since the revised statutes, be inferred or implied for the purpose of sustaining an undertaking to pay the debt of another. (2 R. S. 135, § 2, sub. 2.) Indeed, it seems to have been even doubted by the learned chancellor in Rogers v. Kneeland, (13 Wend. 121,) whether a seal would import a consideration within the new provision. That severe strictness of construction, however, has been since repudiated in repeated1 cases ; and if the case of Packer v. Willson is to be regarded as in conflict with the several authorities upon which I have placed the decision in the present case, I think it is impossible any longer to uphold it. (a) For, should the judgment of the court below be maintained, we must give up the whole series of cases in this court, where plaintiffs have been allowed to recover upon blank endorsements of non-negotiable paper. I am not prepared for so sweeping an innovation. On the contrary, I think our course of decisions may be sustained upon sound and consistent principles, without impugning or in any way innovating upon adjudged cases.

 See Douglass v. Howland,, (24 Wend. 35.)