Bronson, J. dissenting.
The language of the statute is as follows : “ Every special promise to answer for the debt, default or miscarriage of another person shall be void, unless such agreement, or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged therewith.” (2 R. S. 135, §2.) The defendants have made a “ special promise to answer for the debt of another person,” to wit, Ephraim Durham, and the promise is in writing; but the writing does not express the consideration upon which the promise was made. No one upon reading the guaranty can say, that the consideration for the promise was the sale of a horse by the plaintiff to the defendant C. P. Durham. Nor can he say that the consideration was money paid, *588 or any thing else in particular. And what is still more important, it cannot be gathered from the writing itself that there was any consideration whatever for the promise. None is either mentioned or acknowledged to have been received. It is a mere nudum pactum. True, when we look beyond the written contract, we find that there was in fact a consideration for the undertaking. But that is not enough. There must be a writing “ expressing the consideration,” as well as the promise. If the statute be not a mere dead letter, this guaranty cannot be supported.
Our former statute on this subject was taken from the 29 Car. 2, c. 3, which required that the agreement should be in writing ; but nothing was said, in terms, about the consideration. And yet upon the construction of that statute it was held,, in the leading case of Wain v. Warlters, (5 East, 10,) that the consideration as well as the promise must be in writing, and that the defect could not be supplied by parol proof that there was in fact a good consideration. That decision was followed by this court in Sears v. Brink, (3 John. R. 210,) and such has been considered the settled law ever since that time. See per Nelson, J. in Rogers v. Kneeland, (10 Wend. 250—254,) and the cases there cited. Under the old statute it was not necessary that the consideration should be set forth in terms. It was sufficient if it could be collected by fair inference from the written agreement. And in Newbery v. Armstrong, (4 Car. Payne, 59,) Tindal, Ch. J. said it would do “ if we can, as it were, spell it out from the agreement.” But still the consideration must be gathered from the written contract itself, and not by resorting to parol evidence to help out the writing.
The present statute, by requiring the consideration to be expressed, seems to have been aimed against the practice of making out a consideration by argument and inference, and so the matter was considered by this court in Smith v. Ives, (15 Wend. 182,) and Packer v. Willson, (id. 343.) But without laying any stress upon the change in the language of the statute, this guaranty is void, because it neither expresses any consideration, *589 nor can any be collected by fair inference from the terms of the writing. No one can even spell out a consideration. The words are—“ We guarantee the payment of the within note.” This is the whole of it, and there is nothing but an undertaking to answer for the debt of a third person, without a shadow of consideration for the promise. There has never been a time since the decision in Wain v. Warlters, when this would have been held a binding agreement. In Packer v. Willson, (15 Wend. 343,) this court decided the precise question. There the words were—“ I guaranty the payment of the within note in six months.” Change “ I” into “ we” on account of the number of guarantors, and omit the time, and then the two agreements are identical. In one respect that is a stronger case than this. • There, the note was over due at the time the guaranty was endorsed. From that fact, and the further one that the defendant guarantied the payment of the note “in six months,” it was possible to infer, or rather to conjecture, that there was a consideration for the promise; to wit, forbearance to call on the makers of the note until the six months had expired. But here, the note was not due at the time of making the guaranty, and the undertaking of the defendant was, that the note should be paid at maturity. It is impossible therefore to infer that forbearance to call on the maker was the consideration for this undertaking. The guaranty in Packer v. Willson was declared void as coming within the statute of frauds, and unless that case is overruled, this guaranty must share the same fate.
Where, at the time a note is made and as a part of the same transaction, a third person endorses an absolute guaranty upon the note, he will be liable in some- form for the payment- of the money. Both instruments taken together make but one contract, and the consideration which upholds the one will support the other. (Hough v. Gray, 19 Wend. 202 ; Lequeer v. Prosser, 1 Hill, 256 ; Miller v. Gaston, 2 id. 190, per Bronson, J. ; and per Walworth, C. in Rogers v. Kneeland, 13 Wend. 122,123.) But here, the guaranty was endorsed long after the making of the note, and was wholly collateral to the under" *590 taking of Ephraim Durham. It was a distinct, independent agreement, and required a new consideration to support it. In Hough v. Gray and Lequeer v. Prosser, the statute of frauds was not even mentioned; nor was it mentioned in Ketchell v. Burns, (24 Wend. 456.) If this question was decided in either of those cases, it was decided when it was not made, and, I must add, when I did not know it.
It is quite clear that this case is not decided—at least not in favor of the plaintiff—by Oakley v. Boorman, (21 Wend. 588.) There, the defendant endorsed his name in blank upon three negotiable promissory notes, and he was held liable as endorser— not as guarantor. It was neither more nor less than the ordinary contract of endorsement, and the only peculiar feature in the case was, that the endorsement was not made upon the consideration which usually moves to the making of such a contract. So far is that case from holding that the defendant might have been charged as guarantor, that Cowen, J., who delivered the opinion of the court, expressly admits the contrary. Here, the defendants did not endorse their names in blank on the note, and they could not be charged as endorsers for the plain reason that they entered into an express undertaking of another kind.
In addition to the contract of endorsement upon commercial paper, there are cases which hold that if a man endorse his name in blank upon a note not negotiable, with intent to guaranty the payment, you may write such a contract over his name as will carry into effect the intention of the parties. Some, and perhaps all of those cases are cited in Oakley v. Boorman. I will not stop to enquire on what foundation they rest. It is sufficient to say that they can have no application here. The defendants did not endorse their names in blank. They drew out and signed the agreement which they intended to make, and if that does not bind them, the plaintiff cannot recover. To hold otherwise would be saying, in effect, that we can set aside the contract which the parties have actually made, and substitute another in its place. On that subject it will be sufficient to *591 refer to Seabury v. Hungerford, and Miller v. Gaston, (2 Hill, 80 and 188,) where we decided that the holder of a note could not change either the contract of endorsement or of guaranty into a contract of a different nature.
This guaranty is not a promissory note. It is not an absolute promise, nor, indeed, any promise at all, to pay a sum of money, but an undertaking that another person, to wit, Ephraim Durham, will pay the money. A guaranty is u an undertaking that the engagement of another shall be performed.” ( Webster’s Diet.) It is “ a promise or undertaking to be answerable for the debt or default of a third person.” (Tomlins1 Law Diet.) “ A guarantee is a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who is, in the first instance, liable to such payment or performance.” (Fell on Guar. 1.) “ A guaranty in its enlarged sense, is a promise to answer for the payment of some debt, or the performance of some duty, in the case of the failure of another person, who, in the first instance, is liable.” (3 Kent, 121.) That is the contract which the defendants made. Ephraim Durham first owed the debt, and promised to pay it. And then the defendants said—“ We guarantee the payment.” This is a contract well known to our law. It differs in its nature and consequences from a promissory note, and there is no principle upon which the two instruments can be confounded.
All the books agree that a guaranty is within the statute of frauds. I will therefore only refer to two or three elementary writers. (3 Kent, 121; Fell on Guar. 8 ; Theob. Principal and Surety, 5,36.) The idea that the statute might be got rid of by calling the guaranty a promissory note, seems never to have been been thought of in Westminster Hall. In James v. Williams, (5 Barn, & Adolph. 1109,) the action was on the following guaranty—“ As you have a claim on my brother for 51. 17s., for boots and. shoes, I hereby undertake to pay you the amount within six weeks—say the 4th of January, 1833.” The promise was a direct and absolute one to pay a specified *592 sum at a particular day; and yet, as it appeared to be a promise to pay the debt of another, and as no consideration was expressed in the writing, the undertaking was held to be void within the statute of frauds. That was a stronger case than this, for here there is no direct promise to pay—it is a guaranty that another will pay. Clancy v. Piggott, (2 Adolph & Ellis, 473,) is another case to the same effect, and where the •instrument might better be called a promissory note than the one now before us. We decided the same way in Packer v. Willson, (15 Wend. 343 ;) and if there be any case holding that this undertaking for the debt of a third person is not within the statute of frauds, it has not fallen under my observation.
If the plaintiff can recover in this action, what will be left of the statute of frauds 1 Nothing but the requirement that the promise shall be in writing. There need not be an agreement <£ expressing the consideration.” If the party make a written promise of any kind, it is a promissory note, and a consideration is implied. When there is a simple promise in writing to pay money, and nothing else appears, the instrument may well be regarded as a promissory note, and the contract may stand upon a consideration implied by law. But when by the terms of the agreement the party engages “ to answer for the debt, default, or miscarriage of another person,” or to pay the debt if he does not, the case falls directly within both the letter and spirit of the statute. The instrument is not a promissory note, and if no consideration be mentioned, the agreement is void.
On another section of the statute of frauds we stand corrected by the decision of the court of errors in Davis v. Shields, (26 Wend. 341.) That decision has been approved and followed at the present term in the case of Lawrence v. Crapser, which was decided on the argument. I concurred ■ in the judgment which was reversed in Davis v. Shields ; not because I deemed it in accordance with the statute, but because I thought we were tied down by adjudged cases. The court of errors has relieved us from that thraldom, and although their decision has no direct bearing upon the present question, it should at *593 least admonish us not to make a new departure from the statute of frauds.
I am of opinion that the court below was right in nonsuiting the plaintiff, and that the judgment should be affirmed.
Judgment reversed.