Walwofcth, Chancellor.
Edson & Arnold, who were co-partners, made a promissory note payable to Parsons or bearer. Before the delivery of the note to Parsons, Prosser, the plaintiff in error, made an endorsement on it bearing even date therewith ; by which endorsement, for value received, he guarantied the payment of the note generally, and waived notice of non-payment. When the note became due, payment was demanded of the makers, but they did not pay the same. F. T. Luqueer and others, as the bearers and owners of the note, *421 thereupon brought a joint action against Arnold & Edson and Prosser, and declared on the common money counts, and served a copy of the note and endorsement with their declaration ; as directed by the statute authorizing a joint suit to be brought against the drawers, makers, endorsers and acceptors of a bill of exchange or a promissory note. (2 R, S. 2d ed. 274, § 6, 7.) And the only question is whether they were entitled to recover against Prosser, the plaintiff in error, in this form of action.
If the undertaking of Prosser cannot be considered as a promissory note in itself, so as to render him liable as maker | or as an endorsement of the note with a waiver of notice, so as to entitle the bearers of the note to recover against him as an endorser, this joint suit upon the money counts cannot be sustained. But if he is liable to the bearers of the note either as maker or endorser, and could have been declared against as such in a separate suit against him, I think the statute is broad enough to entitle them to recover in this form of action. For the legislature unquestionably intended to authorize a joint suit to be brought against all the parties who were liable as drawers, endorsers, makers and acceptors of the same paper. It is not necessary, therefore, to enquire whether Arnold & Edson and Prosser could, at the common law, have been all sued, in one action, as joint makers of the note in question.
In this case, if the legal liability of Prosser did not appear upon the instrument served with the declaration, I think the parol evidence of the agreement of the drawers to get endorsed paper for the horse and wagon for which the note was given, could not aid the plaintiffs in the court below. For where the party to a note or bill fills up the instrument by which his liability is created, at the time he signs it, as in this case, it would be a violation of settled principles to allow parol evidence to be given for the purpose of showing that he intended to contract for something different. And even in the case of a blank endorsement upon negotiable paper, if it can be filled up and *422 made to operate as a general endorsement, I agree with Mr. Justice Bronson, in the case of Seabury v. Hungerford, (2 Hill's Rep. 80,) that parol evidence ought not to be received to show that a different liability was intended to be created ; and thus deprive the endorser of his right to notice of nonpayment.
Where a note is payable to bearer, so that no words of transfer are necessary to entitle a subsequent holder to recover thereon in his own name, a blank endorsement is in fact and in law neither more nor less than a conditional guaranty of payment by the drawer, provided due notice of demand and nonpayment is given to the endorser. And parol evidence ought not to be received, in such a case, to show that the parties intended that the endorser should be made liable absolutely, without the performance of this condition precedent. But in this case, the notice was expressly waived by the written guaranty endorsed on the note ; and, in addition to that, the plaintiffs proved a demand of the makers when the note became due, and that notice of non-payment to the endorser or guarantor was actually given. No parol proof of the circumstances under which the note was given was therefore necessary to entitle the holders to recover against him as such endorser or guarantor.
Had the endorsement guarantied the payment of the note to Parsons, by name, without any words of negotiability, it would probably have only operated as a special endorsement, so as to make it necessary for the holder of the note to sue the same in the name of Parsons only; and that would have enabled the guarantor to set up any legal defence which he had to the note in the hands of the person to whom such special guaranty was made. But a general guaranty, like this, upon a note payable to bearer, is in law a general endorsement of the note, with a waiver of the condition precedent of a notice of nonpayment by the drawers. The plaintiff in error, therefore, was liable to the defendants in error as such endorser, and was *423 properly sued as such in a joint suit with the makers, under the provisions of the statute on the subject of joint suits.
I also think that Prosser, the guarantor, could have been sued upon this guaranty, by the bearer of the note, as upon an absolute promise to pay the amount to the bearer when it became due ; constituting the guarantor, in effect, the maker of a promissory note, payable to bearer, for the sum and at the time specified in the note upon which this guaranty was written. (Allen v. Rightmere, 20 John. 365 ; Hough v. Gray, 19 Wend. 202; Ketchell v. Burns, 24 Id. 456.) Although this guaranty does not, in words, guaranty the payment to Parsons or bearer, as the endorsement did in the case of Ketchell v. Burns, it does so in effect. For no person being named in the guaranty, it is an absolute promise that the amount of the note upon which it is endorsed shall be paid to the payee therein named, or to the bearer, at the time in such note specified. And the words for value received, which are in this guaranty, remove all possible objectioi that it is a promise to pay the debt of Edson & Arnold, and that the consideration as well as the promise must be in writing; if such an objection could have been sustained where a guaranty endorsed upon a note stated no consideration for the promise, and the form of the security was such that the guarantor could not be made liable as a mere endorser.
I think there was no error in the judgment of the court below, and that it should, therefore, be affirmed.
All the members of the court, seventeen being present, concurring in this result, the judgment of the supreme court was unanimously affirmed.