By the Court,

Bronson, J.
If the instrument signed by the defendants is not a promissory note, (see Hough v. Gray, 19 Wend. 202, Ketchell v. Burns, 24 id. 456, Leonard v. Mason, 1 id. 522,) it is nevertheless valid as a guaranty or other contract to pay the two notes made by Furey. There may be a doubt upon the face of the instrument whether the promise was made to the plaintiffs or to Furey. It is said on behalf of the defendants, that Furey probably sold the lots for which his notes were given to the defendants, and that they thereupon undertook “ to pay and discharge,” or, in other words, to indemnify him against the notes. There is undoubtedly some force in this suggestion; but the case was not put upon that ground at the circuit. The plaintiffs were not nonsuited on the ground that the promise was not made to them, but because they had not proved or identified the notes of Furey. This is a bill of exceptions, and the parties cannot go beyond the point on which the exception rests. But as this question may arise upon another trial, we think it proper to say, that there was sufficient presumptive evidence that the promise was made to the plaintiffs. The written contract is found in their hands and produced by them; and, in the absence of all proof to the con *183 trary, the fair inference is that the writing was made and delivered to them.
The defendants by their contract admitted the execution of the two notes of Furey, and it was no more necessary for the plaintiffs to prove the execution of those notes than it would be to prove the hand writing of the maker in an action against the endorser of a promissory note. The only proper question was, whether the two notes of Furey produced on the trial were the same notes which the defendants had promised to pay. As the notes produced by the plaintiffs corresponded in all respects with the notes described in the contract,- and as there was no evidence tending to a different conclusion, I think their identity was sufficiently established. The nonsuit must therefore be set aside.
New trial granted.