HALL *vs.* FARMER and DOOLITTLE. *(a)*

A guaranty of payment endorsed on a promissory note, though given at the time the note was made, and in order to afford additional security to the payee, is not itself a promissory note.

It is "a special promise to answer for the debt, default or miscarriage of another person," within the language and spirit of the statute of frauds; (2 *R. S.* 135, § 2;) and to be valid must express the consideration on which it is made.

ASSUMPSIT tried at the Herkimer circuit in September, 1847, before WILLARD, Cir. J.

The declaration contained the common money counts, and also special counts on a guaranty. Plea, *non-assumpsit.*

On the trial the plaintiff proved and gave in evidence a promissory note, and an instrument indorsed thereon and signed by the defendants, as follows:

"$715,88. For value received we promise to pay Luther Hall, to the order of H. W. Doolittle and John Farmer, seven hundred and fifteen $\frac{88}{100}$ dollars, with interest. March 1, 1843.
        (Signed)                KATHERN & DOOLITTLE."
"We the undersigned guaranty the payment of the within.
        (Signed)                JOHN FARMER,
                                H. W. DOOLITTLE."

*(a)* By the provisions of the constitution which was adopted in 1846, the existence of the SUPREME COURT OF JUDICATURE terminated on the first day of July, 1848. No July term could therefore be held, and hence this case, and those in that court which follow, in this volume, were decided in vacation in June, 1848, as of May term.

By the evidence on the part of the defendants it appeared that prior to the date of the note Kathern and Doolittle were indebted to the plaintiff in a considerable sum of money, and they, said Kathern & Doolittle, had accounts against the plaintiff. At the date of the note in question these parties adjusted and settled their respective demands against each other, finding due to the plaintiff the amount mentioned in the note; and Kathern & Doolittle agreed to procure the defendants to be their surety for this balance. The defendants were not present at the settlement. After the balance was ascertained, the note and guaranty were made, the defendants then signing the latter at the request of Kathern & Doolittle.

The defendants' counsel insisted that the plaintiff could not recover on the grounds, 1. That the writing indorsed on the note was an undertaking for the debt, default, or miscarriage of other persons, and was void by the statute of frauds for not expressing the consideration ; 2. That the evidence proved that there was not, in fact, any consideration for the undertaking signed by the defendants.

The judge overruled the objections and instructed the jury that the defendants were liable as guarantors of the note in question, and advised them to render a verdict for the plaintiff. The defendants' counsel excepted. Verdict for the plaintiff.

*H. Denio,* for the defendants. 1. The instrument sued on is not a promissory note. (*Story on Prom. Notes,* § 1 ; *Chit. on Bills, ed. of* 1839, *p.* 548 ; 1 *R. S.* 768, § 1 ; *Smith on Merc. Law,* 113 ; *Blackenhagen* v. *Blundell,* 6 *B. & Ald.* 417 ; *Gosh. Turn. Co.* v. *Hurtin,* 9 *John.* 217 ; *Coolidge* v. *Ruggles,* 15 *Mass.* 387.)

2. It is a guaranty. (*Pitman's Pr. and Surety,* 1, 5, 36 ; *Theo. Pr. and Surety,* 1, 5, 36 ; 3 *Chitty on Coml. Law,* 317 ; *Chit. on Cont. 5th Am. ed.* 499 ; 3 *Kent's Com. 5th ed.* 121 ; *Story on Prom. Notes,* § 457 ; *Manrow* v. *Durham,* 3 *Hill,* 591.)

3. A guaranty is a " promise to answer for the debt, default or miscarriage of another person," and to be valid it must be in writing ; and the writing must express the consideration upon

which the promise is made. (2 *R. S.* 135, § 2; *Fell. on Guar.* 1; 3 *Kent*, 121; *Wain* v. *Warlters*, 5 *East*, 10; *Ex parte Gardom,* 15 *Ves.* 287; *Saunders* v. *Wakefield*, 4 *Barn. & Ald.* 595; *Jenkins* v. *Reynolds*, 3 *Brod. & Bing.* 14; *Clancy* v. *Piggott*, 2 *Adolph. & Ell.* 473; *Morley* v. *Clarke*, 3 *Bing.* 107; *Sears* v. *Brink*, 3 *John.* 210; *Rogers* v. *Kneeland*, 10 *Wend.* 218, *and cases referred to; Raikes* v. *Todd*, 8 *Adolph. & E.* 846; *Smith* v. *Ives*, 15 *Wend.* 182; *Packer* v. *Willson, id.* 343; *Newcomb* v. *Clark*, 1 *Denio*, 226; *Bennett* v. *Pratt*, 4 *id.* 275, 286; *Allnutt* v. *Aspenden*, 5 *Mann. & Gr.* 392.)

4. There was no consideration in fact for the instrument signed by the defendants, on which the suit was brought, and for that reason it was utterly void. (*Chitty on Bills, ed. of* 1842, 73, 74, *and cases in note* 2; *Halliday* v. *Atkinson*, 5 *B. & C.* 501; *S. C.* 8 *Dow. & Ryl.* 163; *Schoonmaker* v. *Roosa*, 17 *John.* 301; *Bank of Troy* v. *Topping*, 9 *Wend.* 273; *Tenney* v. *Prince*, 7 *Pick.* 385; *Hill* v. *Buckminster*, 5 *id.* 391; *Coml. Bk. of Lake Erie* v. *Norton*, 1 *Hill*, 501; *Slade* v. *Halsted*, 7 *Cowen*, 322; *Ten Eyck* v. *Vanderpoel*, 8 *John.* 120.)

*M. T. Reynolds*, for the plaintiff. 1. The defendants were liable as makers of a promissory note. (*Prosser* v. *Luqueer*, 4 *Hill*, 420; *S. C.* 1 *id.* 256; *Manrow* v. *Durham*, 3 *id.* 584; *Miller* v. *Gaston*, 2 *id.* 188; *Hough* v. *Gray*, 19 *Wend.* 202; 2. The guaranty, or whatever it may be called, was a cotemporaneous act with the signing of the body of the instrument, and supported by the same consideration. No other consideration was necessary, or existed, or could truly have been averred. (*Leonard* v. *Vredenburgh*, 8 *John.* 29; *Hunt* v. *Brown*, 5 *Hill*, 145; *Leggett* v. *Raymond*, 6 *id.* 639; *Hall* v. *Newcomb*, 7 *id.* 416.)

BEARDSLEY, Ch. J. The writing signed by these defendants was not a promissory note.

A promissory note may be defined to be a written engagement by one person, to pay absolutely and unconditionally to

Hall *v*. Farmer.

another person therein named, or to his order or to the bearer, a certain sum of money at a specified time, or on demand, or at sight. (*Story on Prom. Notes,* § 1; *Chit. on Bills, ed.* 1839, 548; *Byles on Bills of Exchange,* 3; 1 *R. S.* 768, § 1; *Smith on Merc. Law,* 113; *Blackenhagen* v. *Blundell,* 2 *B. & Ald.* 417; *Goshen Turnpike Co.* v. *Hurtin,* 9 *John.* 217; *Coolidge* v. *Ruggles,* 15 *Mass.* 387.) A consideration for such an agreement is implied, none need therefore be expressed. It also has various other qualities not found in ordinary written contracts. These however need not be particularly stated, as the only point material to be noticed here is that no contract, whatever else may be in it, can be a promissory note, unless it contain a positive engagement by the person promising *that he will pay the money :* his agreement that another person shall pay money, as he has promised, is a contract of guaranty and nothing more. As the defendants only engaged that Kathern & Doolittle should pay their own debt, that agreement was not a promissory note. There was no engagement by the defendants to pay the money at all events, but only in the event of a failure by Kathern & Doolittle, and until default by the latter, the defendants are under no obligation to make payment themselves. The learned judge who tried the cause seems not to have regarded this as a promissory note, for he charged that the defendants were liable as the guarantors of the note of Kathern & Doolittle, and on that ground directed the jury to find a verdict for the plaintiff.

I agree that the defendants, if liable at all, are holden as guarantors, for their engagement was of that nature. A guaranty is an agreement not under seal, "whereby one person engages to be answerable for the debt, default, or miscarriage of another." It is not a direct engagement to pay one's own debt, or perform an obligation resting primarily on the guarantor, for it assumes the liability of another as principal, and for whom the guarantor becomes surety. The engagement is in aid of, and collateral to, the original liability of the principal debtor or party for whom the guaranty is given. (*Pitman, Pr. & Surety,* 1 to 7, 13, 92; *Theo. Pr. & Surety,* 1, 5, 36;

3 *Chit. on Com. Law,* 317; *Chit. on Cont.* 5th *Amer. ed.* 499; 3 *Kent,* 5th *ed.* 121; *Story on Prom. Notes,* § 457; *Manrow* v. *Durham,* 3 *Hill,* 591.)

Such being the nature of a contract of guaranty, the defendants' engagement was obviously of that character. It was not a promise by the defendants to pay their own debt, but that Kathern & Doolittle should pay theirs. They were primarily holden to pay the money specified in the note, and the defendants were only liable as guarantors that the note should be paid by the makers. This is entirely clear on the terms of the two instruments, for one is an absolute engagement by the makers of a promissory note, to pay a specified sum, while the other is but a collateral guaranty that the makers shall do as they agreed. The defendants were not to be liable as principal debtors, but only in the event of a failure to pay by the makers of the note. The engagement of the defendants was a "special promise to answer for the debt, default or miscarriage" of Kathern & Doolittle; and as the written agreement does not express any consideration for the promise, the statute makes it void. This promise is in writing, and so far the statute is complied with. But the statute requires something more, for the consideration of the agreement must be expressed in the writing which is signed by the party who is to be thereby charged. (2 *R. S.* 135, § 2.) Here the consideration is not so expressed, and the promise is void. I know there are some cases which hold that such an engagement as the one signed by these defendants, is a promissory note; but they are by no means all of that character, for others hold directly the contrary.

It is well settled that a guaranty made at the same time with the principal contract, and constituting "an essential ground of the credit given to the principal debtor," requires no other consideration than that which upholds the principal contract. It has also been held, that in such cases the consideration need not be expressed in the written guaranty, but may be shown by parol evidence. (*Story on Prom. Notes,* § 457, *citing Leonard* v. *Vredenburgh*; 8 *John.* 29, *and other cases.*) This principle need not be denied, for the facts do not admit

of its application to the case before us. It is true the guaranty was made contemporaneously with the note of Kathern & Doolittle, but no new or additional credit was given to them in consequence of this guaranty. They owed the debt, and it was due and payable when the note was made; and as that was payable instanter, no advantage in point of time or otherwise was secured to them by giving the guaranty. If therefore parol evidence might be received to show a consideration for the guaranty, where the guaranty formed " an essential ground of the credit given to the principal debtor," it would not aid the plaintiff in this case, for no credit whatever was given in consequence of this guaranty.

I must, however, say, that whatever may have been the true rule under the former statute of this state, which was in force when *Leonard* v. *Vredenburgh* and the other cases referred to in *Story on Promissory Notes* were decided, I am wholly unable to see how any collateral undertaking for the debt, default or miscarriage of another, no matter when made, can be held valid under the present statute. Its language is explicit: " Every special promise to answer for the debt, default or miscarriage of another person"—" shall be void unless such agreement, or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged therewith." (2 *R. S.* 135, § 2.) Here is no exception in terms, nor do I find any in the spirit of the enactment. It extends to every collateral undertaking for another person, whether made at the time when the debt of the principal was created or at any after period. ·

It is wholly impossible to reconcile the numerous cases and judicial dicta on this subject, which may be found in the reports of this and other states, and the attempt would lead only to uncertainty and confusion. It has been my design to state with all possible brevity, the grounds for the conclusion that the defendants' agreement was not a promissory note but a collateral guaranty for Kathern & Doolittle, and, no consideration being expressed therein, that it is void.

The principles adverted to as the basis of this conclusion,

are believed to be sound and applicable to the case in hand, We cannot follow all the adjudications on the subject, as some of them are in flat contradiction with others. Such as are in conflict with the principles on which this opinion rests, are necessarily rejected. The judicial knot, as it cannot be untied, must be cut. I think there should be a new trial.

WHITTLESEY, J. It is insisted on the part of the defendants, that the instrument written on the note in question and signed by them, was an undertaking to answer for the debt of third persons and was void, because the consideration was not expressed therein. This point was urged upon the consideration of the court with great earnestness and ability, and demands careful examination. This point arises under the statute of frauds. The former statute of frauds in operation in this state previous to 1830, was taken from 29 *Chs.* 2, *c.* 3, which required that the agreement should be in writing ; but nothing was said in terms about the consideration. In giving a construction to that statute, it was held in the leading- case of *Wain* v. *Warlters*, (5 *East*, 10,) that the consideration, as well as the promise, must be in writing, and that parol proof was not admissible to show that there was in fact a good consideration. The same principle was adopted in this court, in *Sears* v. *Brink*, (3 *John.* 210.) This principle has been perhaps substantially adhered to, only as the old statute did not require that the consideration should be set forth in terms, it was held sufficient if one could be fairly implied from the instrument, or if it could, as it were, be spelt out from the agreement. (*Rogers* v. *Kneeland*, 10 *Wend.* 250; *Newbury* v. *Armstrong*, 4 *Car. & Payne*, 59.) The revised statutes seem to have been framed to limit or cut off any latitude of construction in this respect. They provide that every special promise to answer for the debt, default or miscarriage of another person, shall be void, unless the agreement or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged therewith. (2 *R. S.* 135, § 2.)

Hall *v.* Farmer.

The first case that arose in our courts in which this statute is referred to, was that of *Smith* v. *Ives*, (15 *Wend.* 182.) That was a case of a guaranty indorsed upon a note more than a year after the note became due, and was charged to have been given for a valuable consideration. The guaranty was made in 1829, and was held to be void under the former statute; but the court expressed the opinion that the revised statutes, in requiring that the consideration should be expressed in the agreement itself, adopted the principle of *Wain* v. *Warlters*, and *Sears* v. *Brink*, and was in a sense declaratory of what was the true construction of the old statute. The next case is that of *Packer* v. *Willson*, (15 *Wend.* 343,) and which is the first that arose under the revised statutes. That was the case of notes made by third persons, payable to bearer, held by the plaintiff, and upon which, after they were past due, the defendant subscribed a guaranty in these words: "I guaranty the payment of the within note in six months." The actual consideration for the guaranty, as proved, was forbearance to the makers of the note. The provisions of the revised statutes were applied to the case, and it was held that their guaranty was void under the existing and present statute, because the consideration of the guaranty was not expressed in the guaranty itself.

This was a decision expressly under the statute, and there were no similar cases which arose in which its authority was questioned, until *Manrow* v. *Durham*, (3 *Hill*, 584.) That was the case of a note made by a third person, payable to C. R. Durham or bearer, on the 1st of January, and dated July 1, 1839; on the back was endorsed a guaranty signed by the defendants, as follows: "We guaranty the payment of the within note. Dec. 12, 1839." This was delivered with the note to the plaintiff, on the day of its date, in part payment for the purchase of a horse. The plaintiff was nonsuited in the Oneida common pleas, on the ground that the consideration was not expressed in the guaranty. On error to this court, the judg ment below was reversed, it being held by a majority of the court that this guaranty was in legal effect a promissory note and

imported a consideration, and so was not void within the statute of frauds. The prevailing opinion was delivered by Ch. Justice Nelson. He held the case not distinguishable from *Hough* v. *Gray*, (19 *Wend.* 202;) *Ketchell* v. *Burns*, '24 *id.* 456;) *Lequeer* v. *Prosser*, (1 *Hill*, 256;) and further, that when the guaranty and note are cotemporaneous, resort may be had to the note to sustain the consideration of the guaranty; but when the guaranty is made at a different time, it must be sustained if attacked for want of consideration, by showing an independent one. The guaranty then under consideration was held to be an original, absolute agreement to pay the note, importing the same thing, and therefore equally out of the statute. It was admitted that the case of *Packer* v. *Willson*, (15 *Wend.* 343,) militated against that doctrine, but the strictness of construction sustained by that case, was supposed to have been relaxed by subsequent decisions so far that it could no longer be upheld as authority. Bronson, J. gave a dissenting opinion, maintaining that the case came within the very letter of the statute, and that the precise question then before the court had been decided in *Packer* v. *Willson*, and that the authority of that case had been shaken by no subsequent decision, and was maintainable both upon principle and authority. *Leggett* v. *Raymond*, (6 *Hill*, 639,) was in its facts like that of *Manrow* v. *Durham*. It was a note payable to bearer, with a guaranty of payment by the payee endorsed thereon, the guaranty bearing date subsequent to the date of the note. Bronson, J. gave the opinion of the court, stating that in his own judgment the guaranty was void by the statute of frauds, but that the point was decided the other way by the case of *Manrow* v. *Durham*, which decision must now be followed. It is quite obvious that the cases of *Manrow* v. *Durham* and *Leggett* v. *Raymond* cannot be distinguished in the facts from that of *Packer* v. *Willson*. They are precisely similar, and the doctrine of the two later cases is unquestionably inconsistent with and overruled the authority of the earlier cases. It is not to my mind so clear, however, that the authority of *Packer* v. *Willson* was undermined by adjudications subsequent thereto and previous

to *Manrow* v. *Durham,* as Chief Justice Nelson seems to suppose.

In that interval of time there were cases passed upon which were different in their facts from those which we have just been considering. In some of the cases, the material difference in the facts is, that the note and guaranty were made and delivered at the same time, and were part of the same transaction, so that both instruments might be held to be but one contract : the consideration upholding the one supporting the other. *Lequeer* v. *Prosser,* (1 *Hill,* 256,) is of this character. The note was made by Edson & Arnold to one Parsons or bearer, with a guaranty thereon signed by Prosser in these words : " For value received I guaranty the payment of the within note, and waive notice of non-payment." This note and guaranty were delivered by Edson & Arnold to Parsons as security for property sold, the sale having been made on condition that the purchaser should give the seller a good endorsed note. This was held to be a promissory note, and that the guarantor's liability was the same as if he had signed his name directly to a joint and several note as surety for the maker. The case was taken to the court for the correction of errors, and the judgment of the supreme court affirmed. (4 *Hill,* 420.) In the latter court, it was intimated that the defendant was liable in the character of endorser, having waived notice of non-payment. In neither court, however, was any point made in relation to the statute of frauds. In *Hough* v. *Gray,* (19 *Wend.* 202,) the note and guaranty were of the same date, and the note with the guaranty thereon delivered to the payee for property sold, for which the guarantor agreed to become surety. It was held that the guarantor was liable as a joint and several promisor with the maker of the note. *Dean* v. *Hall,* (17 *Wend.* 214,) was referred to as containing the authorities elaborated on such doctrines. Nothing was said about the statute of frauds. In *Ketchell* v. *Burns,* (24 *Wend.* 456,) the consideration was expressed in the guaranty, so that no question could arise under the statute of frauds in that case. *Oakley* v. *Boorman,* (21 *Wend.* 588,) was held to be the case of indorsement, technically, where the

question presented here could not arise. *Douglass* v. *Howland,* (24 *Wend.* 35,) was the case of a sealed instrument, the seal being held to impart a consideration; but in the opinion pronounced, the case of *Packer* v. *Willson* was referred to as authority. In *Miller* v. *Gaston,* (2 *Hill,* 188,) the guaranty signed by Gaston, endorsed on a note, was, "For value received I guaranty the payment and collection of the within note to A. M. or bearer, when due;" and it was made subsequent to the making of the note. It was held that Gaston was answerable to the plaintiff either as guarantor of the note or as maker of a new note, but not as endorser. The statute of frauds was not made a point in this case.

We thus see that the case of *Packer* v. *Willson* was not questioned in all the intervening cases, until the decision of *Manrow* v. *Durham.* The statute of frauds was not made a point in any of them. It is true, in many of these cases it would appear as if the statute of frauds might legitimately have been made a question. It would strike one as if the guaranty were an undertaking to answer for the debt of a third person. But this question was not raised, and this class of cases seems to have established a doctrine in regard to the liability of the guarantor, independent of the statute; a doctrine to which Justice Bronson seems to have yielded his assent in his dissenting opinion before referred to in *Manrow* v. *Durham.*

After *Packer* v. *Willson,* there was no case arose precisely similar in its circumstances until that of *Manrow* v. *Durham.* I think the decision in the latter case might have followed the former without calling in question the propriety of any of the intervening decisions. In my judgment it is to be regretted that it did not, as establishing the only sound construction to be given to the statute. But the contrary doctrine was sustained. *Manrow* v. *Durham,* was followed by *Legget* v. *Raymond;* and the only question now is, whether the stability of our decisions does not require that the doctrine maintained by them should be recognized hereafter, leaving it to the court of *dernier resort* to make the necessary correction.

The case, however, now under consideration is not parallel

in its facts to that of *Manrow* v. *Durham, Packer v. Willson,* or *Leggett* v. *Raymond.* In all these cases the guaranty was indorsed on the note after it was made, and was an independent and separate transaction from the note, performed at a different time, and for a different consideration. In the case now before us, the note and guaranty were made at the same time. The note with the guaranty upon it, was delivered to the plaintiff in liquidation of a balance found due on a settlement between the plaintiff and the makers of the note, and in pursuance of an understanding that the defendants should become security for the payment of such balance. This case is almost precisely parallel with those of *Lequeer* v. *Prosser,* and *Hough* v. *Gray,* heretofore referred to; and perhaps we need not refer the decision of the present case to those of *Packer* v. *Willson,* and *Manrow* v. *Durham,* nor be compelled to select between the conflicting principles of those cases, but going beyond them, might base a decision upon principles settled in such cases as *Hough* v. *Gray.* We might adopt the doctrine admitted by Justice Bronson, in his dissenting opinion, as sound when he says: "When at the time a note is made and as a part of the same transaction, a third person indorses an absolute guaranty upon the note, he will be liable in some form for the payment of the money. Both instruments taken together, make but one contract, and the contract whicn upholds the one will support the other. (3 *Hill,* 589.) This class of cases has introduced a new doctrine, and goes upon the ground that the guarantor in such cases is liable as the maker of a new promissory note, and this establishes his liability by a course of reasoning which evades, and goes aside of the statute of frauds.

I must say, that though this doctrine seems to be established by a number of adjudged cases, I am not at all satisfied with it. An undertaking of this kind does not answer the definition of a promissory note given in all the books, and which we universally recognize as correct. It is essential to a promissory note, that the maker should himself undertake to pay absolutely. In an undertaking of this kind, the promisor, in-

stead of agreeing himself to pay, promises that other parties, the makers of the note referred to, shall pay. It is a guaranty for the fidelity of another to his promises, and comes strictly within the definition of a guaranty. It is, as plainly as language can make it, an undertaking to answer for the debt of another within the meaning of the statute of frauds. It is true that when the note and guaranty, the primary and secondary obligations are simultaneous—the latter is given expressly to fortify the first. So far as the mere question of consideration is concerned, the consideration which supports the note will uphold the guaranty. This is, however, independent of the statute, and goes to the inquiry as to the consideration only. But the statute goes further, and not only requires that there should be a consideration, but that the consideration should be expressed in writing. How the statute can be evaded in relation to such secondary obligation or guaranty, when the point is raised, I am unable to perceive. It is a legislative requirement which we are bound to regard in good faith, and not endeavor to evade or avoid by any constructive theory relative to promissory notes, wholly irreconcilable with the true doctrine in relation to mercantile paper. This case is almost precisely like those of *Hough* v. *Gray, Lequeer* v. *Prosser,* and that class of cases. In none of these cases which have arisen since our statute of frauds has assumed its present shape, has the statute been made a question. In the case before us, it is made a point, and it is our duty to meet it.

I cannot satisfactorily acquit myself of the responsibility cast upon me to respect and obey the deliberate expression of the legislative will, without declaring that in my judgment the present case is one covered precisely by the statute. I am constrained therefore to say, notwithstanding the decisions which have introduced a new doctrine in cases precisely like the present, and notwithstanding the conflicting decisions in cases very nearly like this in their facts—wholly like it in principle—that the obligation upon which this action is brought, is an undertaking to answer for the debt of another. In such cases the statute requires the consideration to be expressed in writing,

signed by the party to be charged. The consideration not being so expressed in the writing, in this case, the obligation is void. I think, therefore, that there should be a new trial.

McKissock. J. concurred in the result of these opinions.

New trial granted.