## UNION BANK v. MEEKER.

Parol evidence is admissible to prove the period at which a bill was intended to be payable, which was drawn payable "——— months after date," and discounted by a bank without filling up the blank. The testimony does not contradict the instrument, but supplies an omission, which, on the face of the contract, was either an oversight of the parties, or an intentional submission of the term to the discretion of the bank.
The cashier is a competent witness for the bank by which he is employed.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *Winter*, for the appellants. No counsel appeared for the defendant. The judgment of the court *(Eustis*, C. J. not sitting, being interested, and *Rost*, J. absent,) was pronounced by

SLIDELL, J. The defendant *Walker*, is sued upon a promissory note of the following tenor:

"Clinton, La. 19th March, 1841.

"——— months after date I promise to pay to *John Henry Black*, or order, the sum of nine hundred dollars, for value received, negotiable and payable at the Branch of the Union Bank of Louisiana, parish of East Feliciana, waiving bank notice.

"Credit the drawer, <span style="float:right">M. L. MEEKER.</span>
"P. A. W.

("Endorsed) JOHN HENRY BLACK,
"P. A. WALKER."

The petition alleges that the note was intended to be at twelve months, and that the omission, or blank, was an oversight.

At the trial of the cause the plaintiffs offered to prove by the deposition of the cashier of the bank's branch at Clinton, where the note was discounted, that he was such cashier at the date of the note, and had been for several years previous; that it was given in renewal of an accommodation note of $1,000, made by *Meeker*, on the 16th March, 1839, at twelve months, endorsed by *Walker* and *Black*, which was protested in March, 1840, and had lain over until its renewal by the note in question; that twelve months was the usual time of notes discounted at the branch; that it was the intention and understanding of the parties that the note should be payable at twelve months, and the omission was his own. To this testimony exception was taken, upon the grounds, that parol testimony was inadmissible, and that the cashier was incompetent by reason of interest. The exception was sustained by the court.

The testimony does not go to contradict the written instrument, but to supply

an omission, which, upon the face of the contract, was either an oversight of the parties, or else an intentional submission of the term to the discretion of the bank.

The cashier was not an incompetent witness. The rule which admits agents to testify in behalf of their employers as to matters in which they have been engaged, has its foundation in public convenience and necessity; for otherwise affairs of daily and ordinary occurrence could not be proved, and the freedom of trade and commercial intercourse would be inconveniently restrained. Greenleaf, Ev. § 416. Thus the porter, journeyman, or salesman, is admissible to prove the delivery of goods. So a factor to prove a sale of his principal's effects, though he is to have a commission on the amount. In the *United States Bank* v. *Stearns*, 15 Wendell, 346, the teller of a bank was held to be competent, in a suit for an over-payment made to the defendant upon his checks, to testify that, by mistake, he overpaid the defendant $100. The court there said, the case came within the rule of necessity. It was, they remarked, extremely improbable that any person less interested than the teller could have any knowledge on the subject. It related to a transaction in the regular course of his business. These views apply with peculiar propriety to the cashiers of the country branches of our banks, who are generally the sole employés. See also *Franklin Bank* v. *Freeman*, 15 Pick. 539.

We are not to be considered as saying that even without the cashier's testimony the bank would not have a right to fill up the blank. See *Conchley* v. *Clarance*, 2 Maule, 90. *Collis* v. *Emmet*, 1 Hen. Bla. 313. *Russel* v. *Langstaff*, Doug. 496, 514. Chitty, p. 33, 240 and notes.

It is, therefore, decreed that the judgment be reversed and the cause remanded for further proceedings according to law; the defendant and appellee paying the costs of this appeal.