By the Court.
Sandford, J.
We are not satisfied that this instrument can be sustained as a promissory note. It is in terms a guaranty of Ullman & Co.’s note for the amount of the bill expressed in its caption. Taken by itself, it is not a note in substance, much less in form. If we place the note of Ullman & Co. beside it, there appears to be an identity in date, and that note corresponds in amount with the one which this instrument undertakes to guaranty; but it is still a distinct ■collateral undertaking. It seems to us to be straining a point in order to overreach the statute of frauds, to hold such a guar *34 anty to be a promissory note. The only authorities cited which appear to favor the plaintiff’s argument on this point,, are Manrow v. Durham, 3 Hill, 584, and Curtis v. Brown, 2 Barb; Sup. C. R. 51. The latter was decided by the present supreme court in the third district, on the authority of the former exclusively. The case of Manrow v. Durham was ruled by two judges against the dissenting opinion of Judge Bronson, and was affirmed in the court of appeals in December last, by the vote of four judges against three, Bronson, J., not having heard the argument. As he was opposed to the decision when in the late supreme court, it is apparent that the court of appeals was equally divided on the point, and its authority still rests upon the ruling of Nelson, Ch. J., and Cowen, J., as reported in 3d Hill.
Assuming that ruling to be the law as yet, it does not establish that this guaranty is a promissory note. -It proceeded distinctly upon the ground that the writing there in question was indorsed upon a promissory note. Here the writing is not indorsed upon Ullman & Co.’s note; it is an independent instrument. With this difference between the two cases, and the authority of Packer v. Willson, 15 Wend. 343, decided by the supreme court no longer ago than 1836, against that of Manrow v. Durham, we feel entirely at liberty to hold, according to the clear conviction of our own judgments; that the writing in question cannot be upheld as a promissory note.
Next, is it valid as a guaranty ? The note of Ullman & Co. is identified in the guaranty; and by the aid of the parol evidence, there is sufficient proof of an actual consideration. But the statute requires the consideration to be expressed in the instrument. Now what consideration do we find expressed in this guaranty? Looking at the instrument alone, we have “Bill, $1306.29, Oct. 2d, 1844;” and it is a fair inference that it is a bill of Ullman & Co. But is it a bill of exchange past due, or a bill of goods ? Unless we resort to parol evidence of the nature of the business pursued by the plaintiffs, or like evidence of the transaction itself, we should be .quite at a loss to say what was intended by the word “ Bill.”
*35 If we assume that it means a bill of merchandise, the distinct and clear impression on reading the instrument is, that it refers to a past transaction; to a bill of goods sold, for which a note has been given. It is conceded that this would not support the guaranty. It is contended on the part of the plaintiffs, that'the instrument is'equally susceptible of a construction that a future sale of merchandise was intended, and that where the words of the guaranty leave it doubtful whether the consideration was an executed one or not, parol evidence is admissible to explain the ambiguity; and in-this case it is thus explained, and it is proved that the plaintiffs parted with their property on the faith of the guaranty. In support of this point, we are referred to Walrath v. Thompson, 4 Hill, 200; founded on Haigh v. Brooks, 10 Adolph. & El. 309 and 323. As to the latter, it appears that the Queen’s Bench decided the case without determining whether the guaranty there in question was good or not; and the Exchequer Chamber affirmed the judgment, as well for the reason assigned in the Queen’s Bench, as because the ambiguity in the guaranty might be explained by parol evidence. In examining Walrath v. Thompson, it seems to us that the instrument upon which the recovery was sought imported, very plainly, a debt already incurred by the principal debtor to the amount expressed, which the guarantor undertook to pay, on the creditor extending the time of payment. By means of the parol evidence, this was turned into an indebtedness proposed to be incurred for goods sold on the faith of the guaranty.
We feel a difficulty in assenting to the ground upon which the court decided the case of Walrath v. Thompson, for two reasons. First, the ambiguity claimed was not a latent ambiguity ; it was patent, appearing on the face of the instrument. A latent ambiguity may be explained, or rather supplied, by parol evidence; but we suppose the rule to be perfectly well settled, and of an older date than the statute of frauds, that parol evidence is inadmissible to explain a patent ambiguity in a written instrument. Second, the statute requires a positive 'expression of the consideration in the guaranty itself. The *36 consideration, as well as the promise, must be in writing. Now we are unable to perceive how a writing expresses a future consideration, when it is conceded that the words used for the purpose are equally expressive of one that is past and executed; or how the instrument can be said to express at all, a consideration which only appears by proof of facts that are not in the instrument. It appears to us to be equally within the mischief against which the statute was aimed, to supply the consideration entirely by parol evidence, and to prove by parol which of two ambiguous considerations, to be gathered from "the terms of the instrument, wras the one intended, one being invalid, and the other sufficient to uphold the guaranty. We will, however, place our decision on the ground first stated, that the terms of this guaranty plainly express a past consideration, and there is nothing ambiguous which requires explanation by the parol evidence offered at the trial. In this view, the guaranty has no consideration for its support, and the plaintiffs cannot recover.
Judgment at the special term reversed, and complaint dismissed.