MARQUAND, survivor, &c. *vs.* HIPPER.

The undertaking of A. that he will guarantee and become security for any amount in silver, not exceeding a certain sum, which B. may from time to time during two years put into the hands of C. for the purpose of being manufactured into wurk, and that if C. refuses, he will pay any deficiency, in a good and valid agreement within the *statute of frauds:* the consideration, the delivery of the silver to C. for the purpose expressed, sufficiently appearing on the face of the agreement.

THIS was an action of *assumpsit,* tried at the New-York circuit in March, 1832, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The suit was brought upon a *guaranty* in these words: " I do guarantee and agree to become security for the amount of any value in silver or money, not exceeding $400, that *Marquand and brother* may, from time to time, for the ensuing two years, put into the hands of Jno. I. Monnell, for the purpose of manufacturing into work; and that upon such deficiency being proved, if said Mr. John I. Monnell refuse to pay, that I will assume and pay the same with interest on the amount, from time due. New-York, September 18, 1830. (Signed) J. Hipper." The plaintiff proved that up to the 22d Decem-

ber ensuing the date of the guaranty, his house delivered to Monnel 503 ounces of silver to be manufactured ; that he returned 220 oz. 12 pwts., leaving unnaccounted for 282 oz. 8 pwts. ; and that after crediting Monnell all he was entitled to, there was a balance due the plaintiff of $267,38. The counsel for the defendant insisted that the agreement of the defendant being collateral, to answer for the debt or default of another, the consideration must be expressed in it ; and that as in the agreement in question, no consideration whatever is expressed, the plaintiff was not entitled to sustain his action. The judge ruled that the agreement was valid and obligatory upon the defendant, and under his direction the jury found a verdict for the plaintiff for the amount claimed. The defendant asks a new trial.

*S. Stevens*, for the defendant.

*J. A Spencer*, for the plaintiff.

*By the Court*, SUTHERLAND, J. This is undoubtedly a special promise to answer for the default of another, and requires not only that the promise, but the consideration for it, should be in writing. 3 Johns. R. 210. 4 id. 280. 4 Cowen, 432. 6 id. 346. 2 R. S. 135, sec. 1, subd. 2.

The consideration does sufficiently appear upon the face of the instrument it is the putting into the hands of Monnell, by the plaintiff, of any amount of silver, not excceeding $400, for the purpose of being manufactured by him. In *Stadt* v. *Lill.* 9 East, 348, 1 Campb. 242, S. C., the guaranty was as follows: "I guarantee the payment of any goods which J. Stadt delivers to J. Nichols." It was held that the consideration was sufficiently expressed. Lord Ellenborough, before whom the cause was tried at nisi prius, was of opinion that the stipulated delivery of the goods to Nichols was a consideration appearing on the face of the writing; and when the delivery took place, the consideration attached, although the instrument contained no promise on the part of the plaintiff to deliver the goods, and no action would have lain upon

it against him, and the court in *banco* concurred in this opinion, and refused a motion to set aside the verdict. That case is very similar to this, and is certainly quite as strong. In *Ryde and others* v. *Curtis*, 8 Dowl. & Ryl. 62, 16 Com. L. R. 335, S. C., the guarantee was in these terms; " I do hereby agree to become surety for R. G., *now* your traveller, in the sum of £500, for all money he may receive on your account. " This was held sufficient to sustain an averment in the declaration that the defendant's guaranty, was that the plaintiffs would *keep and continue* the traveller in their service. Chief justice Abbott says: "I think it sufficiently appears, on the face of this instrument, that the consideration for the guaranty was the continuance of the traveller in the service of the plaintiffs :" in which the other judges concurred. In *Newbery* v. *Armstrong*, 4 Carr. & Payne, 59, 19 Com. Law. R. 55, 272, S. C., an agreement in the following terms was held to contain a sufficient consideration on the face of it : " I bind myself to be security to you for J. C., late in the employ of J. P., for whatever you may entrust him with, while in your employ, to the amount of £50 ; in case of any default to make the same good. " It was urged that there was no mutuality in the agreement ; but the court held that it was sufficient that the agreement was plainly prospective, and in consideration of the party being employed and entrusted. In each of these cases, a more liberal construction of the agreement was required, in order to sustain it, than is requisite in the case at bar. This doctrine is fully considered in the recent case of *Rogers* v. *Kneeland*, 10 Wendell 218. Most of the authorities are there collected, which renders it unnecessary for me to go elaborately into their consideration. That case clearly sustains the sufficiency of the guaranty on which this suit is brought.

New trial denied.