The statute requires every special promise to answer for the debt, default, or miscarriage of another, to be in writing, subscribed by the party to be charged thereby, and expressing therein the consideration. The consideration and promise must be expressed in the instrument, or the agreement is void (2 R.S., 135). The referee held, in this case, that the agreement of the defendant was void, because no consideration was expressed therein, as required by the statute; and this is the single point for review.
Neither the English statute of frauds, nor ours, prior to the Revised Statutes, in terms, required the consideration to be expressed in an agreement to answer for the debt or default of another; but the courts had held, before the verbal change of the statute in this respect, that the consideration and promise must both be expressed in the writing. (Sears v. Brink, 3 John., 210; Douglass v. Howland, 24 Wend., 35.) The Revised Statutes, therefore, added nothing but what had been judicially determined as necessary to fulfill the requirements of this noted statute, as it was originally adopted in England, and in this State. I know of no case, in the courts of this State, before or since the Revised Statutes, holding that where, from the whole instrument, the consideration does not expressly, or by necessary inference, appear, the omission may be supplied by parol proof, and the statute satisfied in that way. An undertaking to answer for another, is unquestionably within the statute unless the consideration be expressed in the instrument subscribed by the promisor. But how expressed? Certainly it has never been deemed absolutely necessary that any particular form of words should be used in expressing the consideration. It has been held, often, that a seal expresses the consideration within the meaning of the statute. The same rules of construction are applicable to collateral, as to original undertakings, in implying or inferring the consideration from the terms of the instrument. It is enough, said PRATT, J., in delivering the opinion of the court in theUnion Bank v. Coster's Executors (3 Comst., 203), if, from the whole instrument, the consideration expressly, or by necessary inference, appears, *Page 317 
so that it be clear that such, and no other, was the consideration upon which the promise was made. (Douglass v.Howland, 24 Wend., 35; Allen v. Jaquish, 21 Wend., 628.) To hold, at this late day, that, for the purpose of satisfying the statute, a particular form of words, expressive of the consideration, must be written in a guaranty, would be to overthrow a series of decisions extending through the last half century. In Stadt v. Lill (9 East., 348), the written guaranty was in these words: "I guarantie the payment of any goods which I. Stadt delivers to I. Nicholls." It was objected that there was no consideration stated for the promise. But Lord ELLENBOROUGH held that the stipulated delivery of the goods to Nicholls, was a consideration, appearing on the face of the writing, and when the delivery took place, the consideration attached. In Bailey v. Freeman (11 John. R., 221), the defendant signed a guaranty attached to the agreement of one Blanche, to deliver merchandise to the plaintiff, in these words: "I do hereby guaranty the performance of the above agreement, and every part thereof, on the part of N. Blanche, to be performed at the time, and to the amount therein mentioned." It was urged that the guaranty was void for not expressing a consideration, but the court said that the guaranty was part of an entire contract, consisting of the agreement signed by Blanche, and the guaranty signed by the defendant, and, that as a consideration was apparent on the face of the original agreement, the agreement was good. In Rogers v. Kneeland (10 Wend., 219), it appeared that L. Morgan Sons wrote to N. Rogers Sons, requesting them to indemnify Kneeland against damages and costs, in a litigation which Kneeland was conducting for the benefit of the Morgans. Rogers Sons indorsed upon this letter, and signed the following promise: "We will promptly comply with the request of L. Morgan 
Sons, as contained in the within order." The objection that there was no consideration expressed in it, was overruled. The judgment of the Supreme Court was unanimously affirmed in the Court of Errors (13 Wend., 115), WALWORTH, Chancellor, delivering the opinion of the court, in which he said, "there is sufficient consideration on the face of *Page 318 
this agreement, to take it out of the statute of frauds, if, from the terms of the whole agreement (the letter and guaranty), thus taken together, a sufficient consideration for the collateral promise or guaranty appears, it is sufficient." In Marquand v.Hipper (12 Wend., 520), the guaranty was in these words: "I do guaranty and agree to become security for the amount of any value, in silver or money, not exceeding $400, that Marquand 
Brother, may, from time to time, for the ensuing two years, put into the hands of I.I.M., for the purpose of manufacturing into work, and that, upon such deficiency being proved, if said M. refuses to pay, that I will assume to pay the same, with interest on the amount from time due." The court said: "The consideration sufficiently appears on the face of the instrument; it is the putting into the hands of M., by the plaintiff, of any amount of silver, not exceeding $400, for the purpose of being manufactured by him." In Staats v. Howlett (4 Denio, 559), the guaranty was as follows: "To B. P Staats — I hereby obligate myself to hold you harmless for any indorsement you may make for, or have made for the late firm of P.H. F., not exceeding $5,000." The court held that the consideration was expressed, so far as related to future indorsements. In Union Bank v. Coster'sExecutors (3 Comst., 203), Hechscher Coster, merchants in New York, sent to Kohn, Darrow Co., in New Orleans, a letter of credit as follows: "Sirs — We hereby agree to accept and pay, at maturity, any draft or drafts on us, at sixty days' sight, issued by Kohn, Darrow Co., of your city, to the extent of $25,000, and negotiated through your bank." At the foot of this was the following guaranty, signed by John G. Coster: "I hereby guaranty the due acceptance and payment of any draft or drafts issued in pursuance of the above credit." The court held that, construing the two instruments together as one instrument, the consideration for the guaranty was sufficiently expressed. In Gates v.McKee (3 Kern., 232), the guaranty was as follows: "Mr. Gates — Sir: — I will be responsible for what stock Mr. E. McKee has had, or may want hereafter, to the amount of $500." It was held that the instrument expressed the consideration *Page 319 
within the requirements of the statute. In truth, the principle runs through all the cases that these contracts of guaranty are to be construed by the same rules as original undertakings, with the exception that the consideration must appear on the face of the writing; whereas in original contracts it may be shown by parol. A reasonable construction is to be given to the instrument, and if, from the terms of it, the consideration for the promise is necessarily inferable, it is expressed in it within the meaning of the statute. Of the cases above cited, in no single one was the consideration expressly stated in the writing, but in each and all of them was apparent, by a reasonable construction of the terms or language of the instrument. Another rule, also, is applicable to this class of contracts, viz.: the construing together, as one instrument, two or more instruments given at the same time, and relating to the same subject matter, This rule was applied in Rogers v.Kneeland (13 Wend., 115), and in Union Bank v. Coster'sExecutors (3 Comst., 203). In the former case, Chancellor WALWORTH said: "When the guaranty, or promise to pay the debt of another, is made at the same time with the agreement to which it is collateral, and is indorsed thereon, and refers thereto, the whole is to be taken together as an entire agreement, for the purpose of ascertaining whether it is a valid agreement within the provisions of the statute. And if, from the terms of the whole agreement thus taken together, a sufficient consideration for the collateral promise or guaranty appears, it is sufficient." In the latter case, PRATT, J., uses this language: "When a guaranty is given at the same time with the principal contract, and forms a part of the entire transaction, if the consideration be stated in the principal contract, though none be stated in the guaranty, it will suffice."
Now, if the cases cited, and especially that of the UnionBank v. Coster's Executors, which arose long subsequent to the Revised Statutes, are to be followed as authority, the referee clearly erred in holding that there was no consideration expressed in the defendant's guaranty, as required by statute. The present case cannot be distinguished from that of the Union *Page 320 Bank v. Coster's Executors; the controlling principle of which decision was necessarily involved, and reaffirmed and approved in Gates v. McKee (3 Kern., 232). On the 1st of July, 1852, the plaintiffs entered into an agreement with Thomas White, to sell to the latter, from their store, such articles of goods, in the hardware line, as he might want, on a credit of one year; interest to be charged thereon after six months from the time of purchase. In case, at any time after the expiration of one year from the date of the contract, the plaintiffs desired to close up the contract, they were to give White one month's notice of such intention, and, for the balance of the account, they might hold against him unpaid, according to the terms of the contract, they agreed to take good responsible notes, due in six months from the time of notification. Simultaneously with the execution of this agreement, the defendant indorsed upon it the following guaranty: "I will be responsible for all such goods as Mr. White shall buy of the Messrs. Church, within one year from date, and which shall not be paid for according to the terms of the within contract. July 1, 1852 (signed), M. Brown." Now, construing these instruments together as one, the consideration plainly appears on the face of the writing. It is the sale and delivery, by the plaintiffs, to White, of such goods as the latter might want from their store, for one year from the date of the agreement. Paraphrased, the contract would fairly read in this way: "In consideration that you, the Messrs. Church, sell and deliver to Thomas White, from your store, such articles of goods, in the hardware line, as he may want, on a credit of one year, interest to be charged thereon after six months from the time of purchase, I, Morris Brown, will be responsible for all such goods as White shall buy within one year, and which shall not be paid for according to the terms of the contract." The case is a plainer one than that of the Union Bank v. Coster'sExecutors, as parol evidence was not required to show that the original and collateral contract related to the same subject matter, or to aid the court in giving a true construction to any ambiguous terms in the agreement, as there were none. It seems a clear case, in which the *Page 321 
consideration is manifest, and is sufficiently expressed to satisfy the requirements of the statute in the instrument of guaranty, and the agreement on which it was indorsed and to which it referred. The remarks of BRONSON, J., in Staats v. Howlett
(4 Denio, 559), may well be applied to it, that "if this contract should be held void (on the ground that the consideration was not expressed), it would overthrow most of the guarantees and letters of credit which now enter so largely into the commercial world."
There is a class of cases in the books, in respect to guarantees of payment indorsed or written on promissory notes, that has not escaped observation. In regard to these, there is much confusion, or, at least, was, until the decision inBrewster v. Silence (4 Seld., 207). In the earlier cases, where a person signed a guaranty of payment indorsed on a promissory note, and who was privy to the original consideration of the note, and signed the indorsement cotemporaneously with the making of the note, it was held that he might be treated as a joint and several promisor with the party signing on the face of the note. (Hough v. Gray, 19 Wend., 202; Lequeer v.Prosser, 1 Hill, 256.) In other cases he was held to be an indorser. (Prosser v. Lequeer, 4 Hill, 422; Leggett v.Raymond, 6 Hill, 639.) It is worthy of remark, that in the case of Lequeer v. Prosser, the words, "for value received," were in the written guaranty, which, it is said in Brewster v.Silence, would have sufficed as an expression of the consideration. In Manrow v. Durham (3 Hill, 584), it was proved, by parol, that C.P. Durham purchased a horse of the plaintiff, and, in part payment therefor, transferred to him a note of Ephraim Durham, of which he was the payee, on the back of which was indorsed the following guaranty, upon which the suit was brought: "We guaranty the payment of the within note." This was signed by C.P. Durham and one Moulthrop, who was proved, by parol, to have signed it at C.P. Durham's request, and as his surety. The Supreme Court held that the writing was, in substance and legal effect, a promissory note, and, as such, it importedprima facie to be founded upon a valuable consideration. *Page 322 
The judgment of the Supreme Court was affirmed in this court, not on the ground that the instrument amounted to a promissory note or general indorsement, but on the ground that undertaking was for the payment of the debt of one of the guarantors, and, therefore, original, and not reached by the statute. This case follows that of Brown v. Curtis (2 Comst., 225), where it was held that where the payee and holder of a promissory note transferred it to his creditor, to pay his own debt, and, at the same time, executed on the back of the note transferred a guaranty of the payment thereof, that such guaranty was not within the statute of frauds, and was valid, although it expressed no consideration; it being, though in form, a promise to answer for the debt of another, in substance, an engagement to pay the guarantor's own debt, in a particular way, and would be good without any writing. It may be observed that the statute of frauds was not made a point in any of the cases cited above, as decided in our own State, in which the guarantor was held to be a joint maker of the note guaranteed, or an indorser, or the maker of a new note, until the case of Manrow v. Durham. In that case (the guaranty having been executed after the making of the note), three of the judges in this court were of the opinion that it was a collateral undertaking, and no consideration being expressed, it was void by the statute of frauds.
The case of Hall v. Farmer (5 Denio, 484), was an action brought on a guaranty of payment, indorsed on a promissory note. It was shown by parol, that the makers of the note, and the plaintiff, adjusted and settled their respective demands against each other, at the date of the note, finding due to the plaintiff the amount mentioned in it. The defendants were not present at the settlement. After the balance was ascertained, the note and guaranty were made; the defendants signed the latter in this form: "We, the undersigned, guaranty the payment of the within." It was claimed, in the Supreme Court, that the defendants were liable as makers of a promissory note, but the court held that it was not, itself, a promissory note, but was a special promise to answer for the *Page 323 
debt or default of another, within the language and spirit of the statute of frauds, and, to be valid, must express the consideration on which it was made. This case was affirmed in this court by a vote of four to three; one of the majority placing his concurrence on the ground that the contract of the defendants was upheld by no consideration in fact. He thought that a collateral promise, by a third party, to pay a pre-existing debt, for which he was in no wise liable, and where no new credit was given, could not be sustained without some other consideration, which did not appear in the case. The decision settled no general principle. That the defendants were neither makers nor indorsers of a promissory note, but that their contract was one of guaranty, had been settled before. (Spies
v. Gilmore, 1 Comst., 321; Brown v. Curtis, 2 Comst., 225.)
The case of Brewster v. Silence (4 Seld., 207), was an action on a guaranty, written beneath a promissory note, in this form: "I hereby guarantee the payment of the above note (signed), F. Silence." It was shown, by parol, that on the 18th of April, 1848, George Silence purchased a pair of horses of one Thompson, and that a condition of the sale, was, that the note to be given for them should be guaranteed by the defendant, and the sale was not to be consummated until after the execution of the guaranty. George Silence made and executed a note for $140, payable to the order of Thompson, at the Rochester City Bank, by the 1st of November, following, and the defendant signed the guaranty at the same time. After the execution of the note and guaranty, the horses were delivered by Thompson to George Silence, who at the same time delivered the note and guaranty to Thompson. The court held that a guaranty, written beneath the promissory note of a third person, and delivered with it upon a previous agreement, is not a part of the note, and the guarantor is not a joint maker with the maker of the note; but it is a distinct contract to answer for the debt of a third person, and must be in writing and express the consideration upon which it is made, or it will be void; that such consideration cannot be supplied by parol proof; accordingly, it was held that the action could not be sustained *Page 324 
upon the guaranty. It is not perceived, however, that the court decided anything new, except possibly overthrowing a class of cases holding that a guaranty made at the same time with the principal contract, and constituting an essential ground of the credit given to the principal debtor, requires no other consideration than that which upholds the principal contract, and that the consideration need not be expressed in the written guaranty, but may be shown by parol evidence. It had been held before, that similar contracts of guaranty could not be construed to mean something else than what the language of the instrument plainly imports, with the view of giving effect to the supposed intention of the parties, as ascertained from extrinsic evidence; that in form it was a promise to answer for the debt or default of another, and is to be so construed and treated, unless it be shown, by parol proof, that in substance it was an undertaking, by the guarantor, for his own benefit, and upon a full consideration received by himself. (Brown v. Curtis, 2 Comst., 225.) Being a promise to answer for the debt or default of another, and nothing else, the consideration could not be shown by parol, but must be expressed in the instrument to make it valid. All that the case decides, is, that an undertaking, in form and substance collateral, though executed simultaneously with the promissory note on which it is written, is invalid if the consideration be not expressed therein; and, although there may be a good consideration for the special promise, it cannot be shown by parol evidence in an action on the guaranty. It is said that the case, in its facts and principles, is just like that of the Union Bank v. Coster's Executors, and the one under consideration. This is not so, but it is plainly distinguishable. There was nothing in the instrument of guaranty expressing the consideration, or no terms or language from which it might be legally inferred, nor, if the note and guaranty were taken and construed together as one instrument, would any consideration for the guaranty appear on the face of the writing. Neither the consideration for the original nor collateral undertaking appears. The original was a mere promise to pay money, and although the words "value received" *Page 325 
imported a consideration sufficient to uphold that promise, yet it could be shown, by parol, that there was no consideration in fact to sustain it. But conceding that the consideration for the note sufficiently appears in the instrument, and the note is to be treated as the debt of the maker, the guaranty is of an existing debt, and not of a debt to be contracted upon the credit of the guaranty. The consideration for the guaranty is a past, and not a future consideration. A consideration that will support a contract of guaranty, must consist in some benefit to the promisor, or some other person at his request, or some detriment to the promisee. It cannot be pretended that the guarantor of an existing debt of a third person, is, himself, to be benefited by the guaranty. It is nothing but an undertaking, on a past consideration, for the benefit of another. A past consideration, unless done at the request of the promisor, is not sufficient to support any promise. Regarding the note as the existing debt of George Silence, and the defendant as the guarantor for the payment of it, the promise of the latter would have a past consideration, only, to support it; and, to make that sufficient, the guaranty must have been made at the guarantor's own request. So that construing a promissory note, or any contract for the payment of an existing debt, with the instrument of guaranty, instead of being able to imply or infer from the terms and language of the instruments taken together, a consideration for the guaranty, no binding contract of guaranty even could be inferred; and herein lies the plain distinction between this case and that of the Union Bank v. Coster's Executors, and other cases cited, where the guaranty was of a debt to be contracted on the credit of the guaranty, and the consideration a future one. In the latter cases the promise is to do an act in consideration of some act to be done by the promisee, which implies a request. In the case under consideration, for example, the promise was, to be responsible for goods that White should buy from the plaintiffs, in consideration that the plaintiffs would sell and deliver to White such goods as he might want, on a credit of one year. The promise implied a request to furnish the goods to White, and *Page 326 
a compliance, on the part of the plaintiffs, closed the contract and made it binding. Although it was necessary to show performance by the promisor, by parol evidence, yet, as was said in the Union Bank v. Coster's Executors: "Such evidence is no violation of the statute requiring the consideration to be in writing. The consideration of the promise is expressed, and the parol evidence is only used to show, not what the consideration is, but that the act which constitutes that consideration has been performed."
The case of Brewster v. Silence, therefore, is neither in its facts nor principles just like the case of the Union Bank
v. Coster's Executors, and kindred cases. In the one case, the guaranty was of an existing debt; in the other, of a debt to be contracted on the credit of the guaranty. One had a past consideration to support the promise, which was none at all; in the other, the promise was supported by an act to be done by the promisee at the implied request of the promisor. In the one, there was no consideration moving between the promisor and promisee; there was none in fact, and none could be legally implied. The note and instrument of guaranty, taken together, showed no valid contract of guaranty, and, therefore, by no rule of construction could the writing be held to express a consideration; in the other the act to be done by the promisee, at the request of the promisor, and which was the consideration of the promise of the latter, was expressed in the writing. In the one, the only consideration that could support the promise, was one of benefit to the promisor, and this must have been expressly stated, and by no rule of construction applicable to this class of contracts, could be inferred; in the other, the promise rested upon some act to be performed in the future by the promisee, at the request of the promisor; the thing to be done by the promisee, was the consideration for the promisor. Nor does the case show an intention to overrule or interfere with that of the Union Bank v. Coster's Executors, or the principles that controlled the judgment in that case. Nothing is evinced showing that the court intended to overrule the principle that where the guaranty is of a debt to be contracted on the credit *Page 327 
of the guaranty, and the consideration of the guarantor's promise, is something to be done by the promisee, at his request; the promise and consideration for it being stated in the writing, the latter is sufficiently expressed to satisfy the requirements of the statute. The case of the Union Bank v. Coster'sExecutors is not, nor is any other case upon that class of guaranties having a future consideration to support the promise, even cited or alluded to by the judge who delivered the opinion of the court. Three of the judges who took part in, and sustained the decision in Brewster v. Silence, had agreed to the judgment in the Union Bank v. Coster's Executors, although two of them in Durham v. Manrow, and Hall v. Farmer, were of the opinion that the guaranties in those cases of an existing debt, were void, for the reason that no consideration for the promise was stated, appeared, or was expressed on the face of the writing. In Gates v. McKee, which was decided in December, 1855, without any dissenting vote, and turning necessarily on the question involved in the present case, as the point was distinctly taken that the instrument did not express the consideration, two of the judges who were of the majority inBrewster v. Silence, took part in the decision, and, although such decision was put on the authority of the Union Bank v.Coster's Executors, expressed no dissent. In fact, there is no ground for saying that the case of Brewster v. Silence is in direct conflict with that of the Union Bank v. Coster'sExecutors, or that it was intended to, or overrules the latter case. The cases are clearly distinguishable; but if it were otherwise, the former must yield to the latter. To hold that all judicial powers of construction are paralyzed, when coming to an agreement depending on the statute of frauds, and that the requirements of the statute are not satisfied, in any case, unless the promisor has set forth in the writing, particularly, the reasons which induced him to enter into the contract, would be, especially since the case of the Union Bank v. Coster'sExecutors, to inflict infinite mischief upon the commercial public. Securities, doubtless, since that case, to an immense amount have been taken in business throughout the State, in reliance upon the idea that the doctrines affirmed by it might be regarded as settled. *Page 328 
The present case is in line, and cannot be distinguished from the case of the Union Bank v. Coster's Executors. The defendant cannot escape the effect of his promise, on the ground that the consideration for such promise was not sufficiently expressed.
The judgment of the Supreme Court should be reversed, and a new trial ordered, with costs to abide the event.
DENIO, SELDEN and CLERKE, Js., concurred.