## The final accounting in the Estate of A. B.

RESPONSIBILITY of an attorney for mistaken and erroneous advice given to his client. An attorney held to respond to his client for culpable negligence in not watching the changes of the public statute law made by the Legislature.

THE SURROGATE. The claim presented against this estate, and which I am to try on this final accounting, involves the delicate question of the responsibility of the testator, who in his lifetime was an eminent attorney and counselor-at-law, for damages claimed from his estate by a client, by reason of erroneous advice given by the testator upon a professional question.

An act " concerning the rights and liabilities of husband and wife " was passed by the Legislature, March 20, 1860. (See *Session Laws of* 1860; *p.* 157.) The eleventh section of that act provided (it has since been repealed) that,

"At the decease of the husband or wife, intestate, leaving minor child or children, the survivor shall hold, possess and enjoy all the real estate of which the husband or wife died seized, and all the rents, issues and profits thereof, during the minority of the youngest child, and one-third thereof during his or her natural life." -

While this law was in existence upon our statute book, the husband of the present claimant died intestate, leaving a large and valuable real and personal estate. She took letters of administration upon his goods. The decedent left, besides his widow, two sons, one of whom had just come of age, and the other was an infant, twelve years old. It is clear that the real estate of the husband became subject to this statute, and that the widow, the present claimant, was entitled to "hold, possess and enjoy, all the real estate of which her husband died seized, and all the rents, issues and profits thereof, during the minority" of this infant. It is not necessary, perhaps, to construe the

following words of this section, and undertake to discover from them what her estate will be when the minor reaches his majority; he is still under age.

Some months after the death of her husband, the son who was of age, demanded of the present claimant, his step-mother, his share of his father's real estate, and, through his counsel, urged a partition suit. The claimant applied to the present testator, her attorney and counsel, for professional advice. The testator gave her advice without, as it seems, consulting the statute book of the preceding year. He of course advised her that, as widow, she had a dower interest only in the realty of her husband; a life estate in one-third of the rents. A compromise was effected with the son, and the probable expense of a partition induced a pecuniary arrangement. Most of the personal property was set apart to him, and he released his claim to the real estate to his step-mother and half-brother. The testator drew the papers, and superintended their execution and delivery.

The mistaken advice of her attorney and counsel having produced a considerable loss to the claimant, she now claims that his estate is responsible to her for the amount.

Attorneys, counselors and conveyancers, like agents in any other professional employment, and like all mechanics, artists and other employees, are bound to possess some skill and knowledge of their business or profession. And this skill or knowledge must be reasonable in amount, and such as the employer is entitled, in the nature of things, to expect from them. And there can be no doubt that they are responsible for every unskillful or mistaken act they may commit, or for every erroneous opinion they may utter to those who consult and confide in them. (*Godefroy* v. *Dalton*, 6 *Bing.*, 460; *Baikie* v. *Candless*, 3 *Camp.*, 20.)

They are bound to have and exercise common diligence in the performance of their professional duties. The opposite of this is culpable negligence; and for any

damage to their clients from such negligence they are liable. (*Kipping v. Quin*, 12 *Wendell*, 520.) In the present case, it is impossible to impute to the testator, the legal adviser, a want of knowledge, or of skill in his profession, in the ordinary acceptation of such a phrase. All who knew him could testify to his long and honorable career of laborious duty, continued through forty years of successful practice at the bar. The error arose from want of diligent watchfulness in respect to legislative changes. He did not remember that it might be necessary to look at the statutes of the year before. Perhaps he had forgotten the saying, that "no man's life, liberty or property are safe while the Legislature is in session."

I find some cases in the books bearing on and defining this responsibility. In *Parker v. Rolls*, 14 *Common Bench Reps.*, 5 *J. Scott*, 691, an attorney was charged with damages for negligence. He had prepared and superintended the execution of an agreement which was void at Common Law for want of a seal. And there are several cases in which an attorney, acting under a plain and intelligible statute, has been held liable to his client for the damages resulting from the adoption of a mistaken course of practice.

It is not claimed that a person who undertakes to perform professional business should be acquainted with the whole circle of jurisprudence, and able to apply all its multitudinous rules, principles and distinctions with absolute accuracy. He is, however, bound to understand the leading and fundamental principles of the Common Law; and he cannot be excused for ignorance of the public statutes of the State. Lord Brougham, in delivering a judgment upon the question of professional responsibility, illustrated his conclusions by putting what he calls "a very gross case; as, for instance, a man advising his client that his eldest son was not his heir-at-law." He adds, "or any other thing, which, upon the face of it, shows gross ignorance in the A B C of the profession, and

the most gross negligence in the performance of his professional duty." (*Purves* v. *Lundell*, 12 *Clark & Finelly*, 99.) The question of who is entitled to the lands of a deceased intestate, who has left a wife and two sons, one a minor, is surely within the very A B C of the law, at any time. Any one acting as a professional conveyancer, and advising upon the rights of takers of land under an intestacy, must certainly be liable for negligence, if he should overlook a legislative enactment, changing the Common Law upon such a point—if not on any—and consequently give advice resulting in loss to his client.

I must hold the estate of the testator responsible, and refer the claim to an auditor, to pass upon as to amount.