CHARLES B. EVERSON, APPELLANT, v. R. NELSON GERE
AND OTHERS, RESPONDENTS.

*Guaranty — when it is transferable before a note, which it was given to secure, becomes due.*

February 12, 1884, a corporation made its promissory note to the order of its treasurer for $36,000, payable one year after date with interest, which was indorsed by the treasurer to "Jno. Crouse & Co., or order," and delivered to that firm with a paper attached thereto, upon which was written the following guaranty: "For value received of John Crouse & Co., we do hereby guaranty to said John Crouse & Co. the payment of a note hereto annexed, made by," then followed a description of the note and the signatures of the defendants. On February 13, 1885, John Crouse & Co. indorsed the note, without recourse, to the plaintiff, and delivered it to him, together with a written instrument, by which they assigned the note, the guaranty and all claims against the corporation evidenced by it.

In this action, brought against the guarantors, the plaintiff was nonsuited upon the ground that the guaranty was special or personal, and not assignable before the maturity of the note.

*Held*, error; that the guaranty, being an absolute guaranty of a fixed debt, was transferable by sale and assignment.

That while parties may by express words limit the right to assign a guaranty before a cause of action arises upon it, yet the court will not presume that they intended to, or have in fact done so, when the guaranty relates to negotiable paper, unless the intention to render the guaranty unassignable clearly appears upon the face of the contract or from the surrounding circumstances.

APPEAL from a judgment in favor of the defendants, entered upon a nonsuit directed at the circuit.

February 12, 1884, the Syracuse Iron Works (a corporation) made its promissory note, whereby it promised to pay to the order of Charles E. Hubbell, treasurer, $36,000, one year after date, with interest, which was indorsed : " Pay Jno. Crouse & Co., or order, Chas. E. Hubbell, treasurer," and the note was transferred, by virtue of the indorsement, to John Crouse & Co. Upon a paper attached to the note was written the following guaranty :

"OFFICE OF SYRACUSE IRON WORKS,
"SYRACUSE, N. Y., *February* 12, 1884.

" For value received of John Crouse & Co., we do hereby guaranty to said John Crouse & Co., the payment of a note hereto annexed, made by the Syracuse Iron Works for thirty-six thousand

dollars, said note being dated February 12, 1884, and payable twelve months after date at Merchants' National Bank of Syracuse, with interest at six per cent per annum, payable semi-annually.

"R. N. GERE.
"CHAS. E. HUBBELL.
"C. D. AVERY.
"W. H. H. GERE.
"J. FORMAN WILKINSON.
"GILES EVERSON."

February 13, 1885, the note was indorsed: "Pay Charles B. Everson or order, without recourse to us in any event, John Crouse & Co.," and the note was transfered to the plaintiff. On the same day John Crouse & Co. executed and delivered to the plaintiff the following assignment:

"For value received, we hereby sell, assign and transfer to Charles B. Everson a certain promissory note, signed by R. N. Gere, president, and indorsed by Charles E. Hubbell, as treasurer, which note bears date February 12, 1884, and is a promise by the Syracuse Iron Works to pay to the order of "Charles E. Hubbell, treasurer, $36,000 at the Merchants' National Bank, with interest at six per cent, and the same guaranteed, by a written guaranty attached thereto, and we also sell, and hereby assign said guaranty, as well as all claims against said Syracuse Iron Works arising out of the loan or loans of money which preceded said note and of which said note is the evidence of the last balance due, but this assignment is without recourse to the subscribers.

"Dated *February* 13, 1885.

"JOHN CROUSE & CO."

The maker failed to pay the note, and this action was brought against the guarantors. The court nonsuited the plaintiff, upon the ground that the guaranty was special or personal and was not assignable before the note fell due. A judgment was entered upon the nonsuit, from which the plaintiff appeals.

*M. M. Waters,* for the appellant.

*Louis Marshall,* for the respondents.

FOLLETT, J.:

Section 1910 of the Code of Civil Procedure provides that "any claim or demand can be transferred except in one of the following cases." The case in hand is not one of those excepted. An expectancy in a potential demand and a demand resting on a contingency are assignable, and if they ripen into causes of action the assignee can recover them in his own name. (*Field* v. *The Mayor*, 6 N. Y., 179; *Stover* v. *Eycleshimer*, 3 Keyes, 620; *Devlin* v. *The Mayor*, 63 N. Y., 8–15.) Unless the possible or contingent right of action of John Crouse & Co. upon the guaranty is unassignable by its terms or nature, the plaintiff acquired title to the guaranty and a perfect cause of action under it and the assignment. A general guaranty is a security for all persons who deal upon its credit. A special guaranty is a security only for the particular person to whom it runs or to whom it is addressed. (*Evansville National Bank* v. *Kaufmann*, 93 N. Y., 273, 276.)

A letter of credit addressed to a particular person, or an agreement to pay for goods which a particular person may sell to another, are instances of special guarantees. In such cases the guarantor is deemed to have relied upon the character and discretion of the person addressed, and he cannot, by an assignment or an appointment, confer upon another the right to furnish the credit and recover of the guarantor. The cases arising under this class of guarantees need not be specially considered; as an absolute guaranty to pay an ascertained debt, evidenced by a written instrument, negotiable in its nature, rests upon a different principle, notwithstanding some of the cases have extended the rule applicable to special guarantees to absolute guarantees of fixed debts; nor is it necessary to consider the cases discussing the question, whether a guaranty like this, indorsed upon a negotiable note, is *ipso facto* transferred by a transfer of the note without an assignment of the guaranty; for in this case the note was transferred by indorsement, and the guaranty by assignment to the plaintiff. The question is not, therefore, whether this guaranty was negotiable, in the restricted sense of the word, as applicable to commercial paper; but whether it is negotiable in the sense that it is capable of being negotiated and transferred by sale and assignment.

The guaranty being upon an allonge, it is to be construed and given

the same effect as though written on the note. (*McLaren* **v.** *Watson's Exrs.*, 26 Wend., 425 ; *Folger* v. *Chase*, 18 Pick., 63.) And they are to be construed together. (*Union Bank* v. *Coster's Exrs.*, 3 N. Y., 203 ; *Church* v. *Brown*, 21 N. Y., 315 ; *Marsh* v. *Chamberlain*, 2 Lans., 287, 293.) Guarantees are governed by the rules of construction applicable to other contracts. (*Belloni* v. *Freeborn*, 63 N. Y., 383 ; *Evansville Nat. Bank* v. *Kaufmann*, 93 id., 273 ; *Crist* v. *Burlingame*, 62 Barb., 351 ; Baylies on Guarantors, 111.)

· It is conceded by the respondents that had the note and guaranty been transferred to the plaintiff after the note had been dishonored he would have acquired a perfect cause of action against the guarantors, but it is said that before that event the guaranty was not assignable. It must be conceded that parties may, by express words, limit the right to assign a guaranty before a cause of action arises upon it, but courts will not presume that they have done or intended to do so when the guaranty relates to negotiable paper, unless the intention to render the guaranty unassignable clearly appears upon the face of the contract, or from the surrounding circumstances. (*Devlin* v. *The Mayor*, 63 N. Y., 8, 17.)

The note and guaranty in this case, read together in the light of commercial usages, lead us to the conclusion that the parties to the guaranty did not intend to restrict its assignability, and that such is not the legal effect of the contract.

In *Smith* v. *Starr* (4 Hun, 123), the distinction existing between executory guarantees involving trust and confidence, and executed guarantees of the payment of a fixed debt was not observed. All of the cases cited in support of that decision arose over special executory guarantees.

The judgment is reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.